# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00341-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7.    DAVID MICHAEL ANSBERRY,

    Defendant.

_____

## ORDER OF DETENTION
_____

THIS MATTER came before me for a detention hearing on November 9, 2016. The government requested detention in this case. The defendant did not contest the request for detention. I have considered the Pretrial Services report and the entire docket.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by 18 U.S.C. § 3142(e)(3)(C) through 18 U.S.C. § 2332b(g)(5), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. Title 18 U.S.C. § 3142(e)(3)(C). The defendant has

been indicted with one charge of Use and Attempted Use of a Weapon of Mass Destruction in violation of 18 U.S.C. § 3442a.

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person including–
>
>> (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

I find the rebuttable presumption of the Act has been triggered. Weighing the factors set out in the Bail Reform Act, I find that the defendant has not presented sufficient evidence to rebut the presumption and therefore the presumption stands unrebutted. In making this finding, I note that defendant has no current employment or stable place of residence. In addition, based on the Government's proffer that was not contradicted by defendant, the weapon at issue was a sophisticated explosive device; that device contemplated detonation by remote command; and that the explosive device was designed to cause serious bodily injury.

I therefore find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community if released on conditions of bond.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: November 9, 2016        BY THE COURT:


                               s/ Nina Y. Wang
                               Nina Y. Wang
                               United States Magistrate Judge